**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x

EDWARD POTRZEBA III;  :
KAYLEIGH ROOD;  :   Civil Case No.: 3:23-cv-191 (BKS/ML)
MARTIN FURNER;  :
JOSIE PARKER,  :
 :   **COMPLAINT**
        Plaintiffs,  :   **(1) Violation of the First**
 :   **Amendment**
v.  :   **(2) Due Process Violation**
 :   **(3) Negligent Infliction of**
SHERBURNE-EARLVILLE HIGH SCHOOL  :   **Emotional Distress**
through the Sherburne-Earlville Central School  :
District Board of Education; KENNETH  :
BUEHNER, in his individual and official capacity;  :   **JURY TRIAL DEMANDED**
NICHOLAS COLOSI, in his individual and  :
official capacity; BRAD PERRY, in his individual  :
and official capacity; ROBERT BERSON, in his  :
individual and official capacity; DOE  :
DEFENDANTS 1-20, in their individual and  :
official capacity,  :
 :
        Defendants.  :

----------------------------------------------------------------x

## I.    INTRODUCTION

This is an action arising from Defendants' attempts to punish Plaintiffs' peaceful student protest through assigning suspension without awarding basic due process. Plaintiff is seeking damages for Defendants' violation of Plaintiff's civil rights under the First Amendment and the Fourteenth Amendment. Defendants are also responsible for negligent infliction of emotional distress.

## II.   JURISDICTION & VENUE

1. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. 1331, which provides district courts with jurisdiction over civil actions arising under the United States Constitution or laws of the United States.

2. In accordance with 28 U.S.C. § 1367, this Court also has supplemental jurisdiction over Plaintiffs' state law claim for Negligent Infliction of Emotional Distress.

3. Defendant Sherburne conducts business in the state of New York.

4. Individual Defendants on the grounds that they were employees of Sherburne at all relevant times herein and personally violated certain rights and policies, the effects of which were felt in the State of New York.

5. Venue in this action is properly in the Northern District of New York because the events relevant to this action occurred primarily within the geographical confines of the Northern District of New York.

6. All Plaintiffs' injuries resulted out of the same series of occurrences resulting in this single lawsuit.

## III.   PARTIES

7. Plaintiff Edward Potrzeba III ("Edward") was a student at Sherburne-Earlville High School at all times relevant to this litigation.

8. Plaintiff Kayleigh Rood ("Kayleigh") was a student at Sherburne-Earlville High School at all times relevant to this litigation.

9. Plaintiff Martin Furner ("Martin") was a student at Sherburne-Earlville High School at all times relevant to this litigation.

10. Plaintiff Josie Parker ("Josie") was a student at Sherburne-Earlville High School at all times relevant to this litigation.

11. Sherburne-Earlville High School ("Sherburne") is a public high school located in Sherburne, New York. The school is operated by the Sherburne-Earlville Central School District Board of Education ("BoE").

12. Defendant Kenneth Buehner ("Buehner") was employed by Sherburne at all times relevant to this litigation.

13. Defendant Nicholas Colosi ("Colosi") was employed by Sherburne at all times relevant to this litigation.

14. Defendant Brad Perry ("Perry") was employed by Sherburne at all times relevant to this litigation.

15. Defendant Robert Berson ("Berson") was employed by Sherburne at all times relevant to this litigation.

16. Doe Defendants 1-20 ("Doe Defendants") are employees or agents of Defendant Sherburne that caused the harms to Plaintiffs subject of this lawsuit. At this time, their names and whereabouts are unknown.

IV.   FACTUAL ALLEGATIONS

17. Edward, Kayleigh, Martin, and Josie were students at Sherburne at all times relevant to this litigation.

18. In the morning of Friday, November 19, 2021, Plaintiffs Edward, Kayleigh and Martin met with Defendant Buehner and Defendant Berson regarding issues within Defendant Sherburne-Earlville High School including the mistreatment by the principal.

3

19. Defendants Buehner and Berson canceled the meeting with the concerned students, kicked Plaintiffs out of the main office and denied rescheduling the meeting.

20. On Friday, November 19, 2021, at approximately 11:45 a.m., Plaintiffs Edward, Kayleigh and Martin participated in a peaceful protest of Sherburne students against mistreatment by the High School's principal.

21. The students protested through a quiet "walkout" which did not interfere with the school's operation.

22. Plaintiffs did so with the consent of their parents.

23. On Monday, November 22, 2021, Plaintiffs Edward, Kayleigh and Martin were called into the main office by Ms. Tredway, the high school secretary, via loudspeaker with other students who had participated in the protest.

24. Once in main office, Defendant Buehner informed the students that they would receive a day of In-School Suspension ("ISS") for "what happened last week."

25. The students were not informed of the actual charges brought against them and were left to assume that this was done in retaliation for their protest.

26. Plaintiffs were expected to immediately report for ISS.

27. After this, Edward feared that his constitutional rights would be violated if he remained at school for questioning and therefore left the school's premises.

28. Edward's parents were not informed of the ISS until November 26. This notice did not include the duration of the ISS.

29. The notice included as description of the alleged offenses: cutting class, disruption of the school environment, and leaving school grounds without permission.

30. The Code of Conduct of the Sherburne-Earlville Central School District sets out that "leaving school grounds during regular school hours" is not a violation of the school's rules if done the permission of a parent.

31. According to the Code of Conduct of the Sherburne-Earlville Central School District, every student is entitled to being informed of the misconduct they are alleged to have committed, as well as being given an opportunity to present their version of facts about the alleged misconduct.

32. Plaintiffs Edward, Kayleigh and Martin were not awarded these procedures.

33. Edward was not given the opportunity to have an informal conference with the principal and complaining witness, nor was he afforded the right to an appeal to the superintendent and an appeal to the school board.

34. Because of this, Edward's parents informed Sherburne that they would pull Plaintiff from the school for a day as to not serve ISS until the right to an appeal would be granted.

35. Defendant Colosi subsequently threatened Edward, stating that for every day that he did not attend ISS, he would receive an additional day of ISS.

36. Kayleigh's parents attended an informal conference with Defendant Perry in which he continuously told them he could not speak for Defendant Colosi, who was not present.

37. Kayleigh's parents had requested and were denied a meeting with Defendant Buehner, who had written the referral for sanction.

38. On or around December 13, 2021, Martin's parents were denied their request to have Defendant Buehner present during their meeting with Defendant Perry.

39. Plaintiffs continued to refuse to attend ISS without given the right to appeal.

40. Plaintiff were threatened with additional ISS as a consequence for seeking an appeal.

41. On or around January 24, 2022, Kayleigh stated that she wanted to appeal the decision of ISS and was told that she was wasting her time by Sherburne staff.

42. Martin had provided to Sherburne staff that he wanted to appeal the decision of ISS and was met with the same advisement; he was wasting his time.

43. Additionally, Defendant Colosi informed Edward's parents that they would not be granted an informal conference because now the "time expired."

44. Only after Edward's parents involved the school's General Counsel, Defendant Colosi retracted his threats and granted Edward an appeal process.

45. On February 28, 2022, a hearing regarding the appeal to the Board of Education took place.

46. The Board of Education denied all of Plaintiffs' appeals.

47. Other Sherburne students participated in the walk-out with no discipline and repercussions.

48. Plaintiffs Edward, Martin and Kayleigh were targeted for their participation and deprived of their due process rights.

49. On April 23, 2022, Josie was issued a 5-day(s) suspension for a tobacco violation.

50. Defendant's policy states "Any weapons, alcohol, or illegal substances found shall be confiscated immediately followed by notification of the parent of the students involved and the appropriate disciplinary action taken, up to and including permanent suspension and referral for prosecution."

51. Josie was never found to be in possession of the alleged vape, as such no confiscation occurred.

52. On Monday morning April 25, 2022, Josie reported to school and was asked to leave by the School Resource Officer, Sergeant Ellingson.

53. An informal meeting was help between Defendant Colosi and Josie Parker's parents.

54. On April 25, 2022, an appeal regarding Josie's suspension was made; the district held Josie's suspension in abeyance pending the conclusion of the appeal.

55. On April 26, 2022, Josie was notified that an additional suspension from athletic contests would be put in place and would remove Josie from four consecutive games beginning April 25, 2022.

56. Josie would be allowed to attend all practices with the team once her out of school suspension was served; however, participation in in regular practices will be at the coaches' discretion.

57. Josie made an appeal to the Athletic Board of Review.

58. Josie was a scholar athlete that was forced to miss multiple games her senior year as a result of Defendant's misconduct.

59. Plaintiffs were damaged by being denied education on days they could not attend school for fear of unjustified ISS.

60. Plaintiffs additionally are damaged by the fact that the disciplinary action reflects in their school records and will be visible to future academic institutions as well as future employers.

## Respondeat Superior and Agency

61. Plaintiffs restate each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

62. Under federal and New York law, an employer may be vicariously liable for an employee's actions when they are acting within the scope of their employment on behalf of the employer.

63. At all times relevant to this action, all individual Defendants were employed by Sherburne. Some of their acts and omissions relevant to this litigation were undertaken within the scope of their employment with Sherburne.

64. At the time of this Complaint, only the individual Defendants themselves are aware of the exact role that each individual Defendant played in the events that are the subject of the lawsuit. For this reason, only the individual Defendants know at which times each Defendant acted in a manner that exceeded the scope of their duties in their official capacities and at which each Defendant acted in a manner that was within the scope of their duties in their official capacities.

## V.    CAUSES OF ACTION

**COUNT I – VIOLATION OF FIRST AMENDMENT RIGHTS PURSUANT TO 42 U.S.C. § 1983**

65. Plaintiffs incorporate by reference all the preceding paragraphs in this complaint.

66. Under 42 U.S.C. § 1983, Plaintiffs are protected from violations of the rights guaranteed to them by the Constitution and laws of the United States.

67. By taking part in a peaceful protest Plaintiffs engaged in protected conduct.

68. Plaintiffs later additionally engaged in protected conduct when seeking redress for their grievances.

69. Defendants violated Plaintiffs constitutional rights under the First Amendment by, among other things:

    a. Defendant Buehner when he assigned In-School Suspension as a punishment for a peaceful protest directed against Defendant Colosi and the school's mistreatment of students.

    b. Defendant Colosi when he was threatening Edward with additional In-School Suspension in retaliation for seeking redress for the assigned In-School Suspension.

    c. Doe Defendants when they tried preventing Kayleigh from seeking redress for her grievances by stating that she was wasting her time.

    d. Doe Defendants when they tried preventing Martin from seeking redress for his grievances by stating that he was wasting his time.

  e. Defendant Colosi when he denied Edward's parents an informal conference and tried denying Edward's parents an appeal for purposes of seeking redress for the grievances.

70. Upon information and belief, Defendants have engaged in these actions as a means of retaliating against Plaintiffs for their organized protest and its negative effects on Defendant Colosi and other Defendants.

71. Therefore, Defendants actions constitute relation against Plaintiffs for the protected conduct of engaging in free speech, in violation of the 1st Amendment to the Constitution and 42 U.S.C. § 1983.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Court:

 (a) Enter judgment against Defendants and in favor of Plaintiffs for actual damages for financial loss, damage to reputation, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

 (b) Enter judgment against Defendants and in favor of each Plaintiff for an injunction prohibiting Defendants' wrongful conduct, full expungement of any student code of conduct violation on Plaintiffs' records, and expungement of any record of an in-school suspension of Plaintiffs;

 (c) Enter judgment against Defendants and in favor of Plaintiffs for all cost sustained in connection with the prosecution of this action, including attorney's fees; and

 (d) Grant such other and further relief as justice requires.

## COUNT II – VIOLATION OF DUE PROCESS UNDER 42 U.S.C. § 1983

72. Plaintiffs incorporate by reference all the preceding paragraphs in this complaint.

73. The Fourteenth Amendment of the U.S. Constitution provides, in pertinent part, that "no person shall be deprived of life, liberty, or property without due process of law."

74. Plaintiffs have a property interest in receiving their K-12 education, as well as a liberty interest in not being suspended without the due process of law.

75. Defendants violated Plaintiffs constitutional rights by, among other things:

   a. Defendant Buehner when he did not inform the students of the charges brought against them.

   b. Doe Defendants when they did not inform the students' parents about the assigned duration of ISS.

   c. Defendant Colosi when he denied Edward an informal conference.

   d. Doe Defendants when they stated to Kayleigh that an appeal would be a waste of time.

   e. Doe Defendants when they state to Martin that an appeal would be a waste of time.

   f. Defendant Perry when he denied Plaintiffs access to Defendant Buehner for cross-examination.

76. Defendants' actions denied Plaintiffs an opportunity to defend themselves.

77. Defendants' due process violations have inflicted irreparable reputational damage to Plaintiffs. Plaintiffs' academic records will forever reflect the expulsion, which

will therefore be communicated to all of Plaintiffs' future academic programs and employers.

78. Defendants' due process violations have stripped Plaintiffs of their property right as they were suspended without proper notice and forced to miss days of school.

79. Therefore, as a direct and proximate result of Defendants' actions or failures, Plaintiffs have sustained and continue to sustain injuries and damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Court:

(e) Enter judgment against Defendants and in favor of Plaintiffs for actual damages for financial loss, damage to reputation, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(f) Enter judgment against Defendants and in favor of each Plaintiff for an injunction prohibiting Defendants' wrongful conduct, full expungement of any student code of conduct violation on Plaintiffs' records, and expungement of any record of an in-school suspension of Plaintiffs;

(g) Enter judgment against Defendants and in favor of Plaintiffs for all cost sustained in connection with the prosecution of this action, including attorney's fees; and

(h) Grant such other and further relief as justice requires.

**COUNT III – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

80. Plaintiffs incorporate by reference all the preceding paragraphs in this complaint.

81. Defendants' owed Plaintiffs a duty of care in loco parentis and during the disciplinary proceedings as it was foreseeable that their determination would have a great impact on Plaintiffs' well-being.

82. Defendants' breached their duty by, among other things:

   a. Defendant Buehner when he assigned In-School Suspension for taking part in a peaceful protest.

   b. Defendant Colosi when he threatened additional suspension.

   c. Doe Defendants when they stated that an appeal would be a waste of time.

   d. Defendant Perry when he denied Plaintiffs access to Defendant Buehner and did not provide substantial informal conferences.

83. As a result of Defendants' breach of duty, Plaintiffs sustained emotional distress.

84. Defendants' actions violated Sherburne's Policy.

85. Defendants' actions proximately caused Plaintiff emotional injuries.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Court:

(i) Enter judgment against Defendants and in favor of Plaintiffs for actual damages for financial loss, damage to reputation, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(j) Enter judgment against Defendants and in favor of each Plaintiff for an injunction prohibiting Defendants' wrongful conduct, full expungement of any student

code of conduct violation on Plaintiffs' records, and expungement of any record of an in-school suspension of Plaintiffs;

(k) Enter judgment against Defendants and in favor of Plaintiffs for all cost sustained in connection with the prosecution of this action, including attorney's fees; and

(l) Grant such other and further relief as justice requires.

## VI.    JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated: February 10, 2023          Respectfully Submitted,

/s/ Keith Altman
Keith Altman, Esq. (NDNY Bar No. 702338)
THE LAW OFFICE OF KEITH ALTMAN
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48331
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com

*Attorney for Plaintiffs*

14