IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

EDWARD POTRZEBA III;
KAYLEIGH ROOD; MARTIN FURNER;
AND JOSIE PARKER,

        Plaintiff,

                              DEFENDANTS ANSWER
                              TO PLAINTIFF'S
                              COMPLAINT
                              Index No.:  3:23-cv-00191
                              BKS/ML

       v.

SHERBURNE-EARLVILLE HIGH SCHOOL,
THROUGH THE SHERBURNE- EARLVILLE
CENTRAL SCHOOL DISTRICT
BOARD OF EDUCATION; KENNETH BUEHNER, in his
individual capacity and official capacity; BRAD
PERRY, in his individual and official capacity;
ROBERT BERSON, in his individual and official capacity;
JOHN DOE DEFENDANTS 1-20, in their individual and
official capacity,

        Defendants.
_____

        The Defendants, SHERBURNE-EARLVILLE HIGH SCHOOL, THROUGH THE SHERBURNE- EARLVILLE CENTRAL SCHOOL DISTRICT BOARD OF EDUCATION; KENNETH BUEHNER, in his individual capacity and official capacity; BRAD PERRY, in his individual and official capacity; ROBERT BERSON, by their Attorneys, The Frank W. Miller Law Firm, PLLC, answering the complaint of the Plaintiff herein, alleges as follows:

        1.     Defendants admit the allegations contained in paragraphs numbered "3", "11," "66," "73."

        2.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "1", "2", "4," "5," "7," "8," "9," "10," "12" ,

1

"13," "14," "15," "17," "18," "22," "24," "26," "27," "28," "29," "30," "31," "34," "35," "36," "37," "38," "39," "43," "44," "45," "46," "47," "49," "50," "51," "52," "53," "54," "55," "56," "57," "61," "62," "65," "72," and "80."

    3.      The Defendants deny the allegations in paragraphs "6," "16," "19," "25," "32," "33," "40," "41," "42," "48," "58," "59," "60," "63," "64," "67," "68," "69," "70," "71," "74," "75," "76," "77," "78," "79," "81," "82," "83," "84," and "85." See Exhibits 1, 2, 3, and 4 hereto.

    4.      Defendants deny each and every other allegation not specifically admitted, controverted, or denied.

**AS AND FOR A FIRST COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, THE DEFENDANTS ALLEGE:**

    5.      Plaintiffs are guilty of culpable conduct, which caused all or part of the damages alleged.

**AS AND FOR A SECOND COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, THE DEFENDANTS ALLEGE:**

    6.      Plaintiffs were provided due process of law at all relevant times herein.

**AS AND FOR A THIRD COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, THE DEFENDANTS ALLEGE:**

    7.      Any actions or omissions, done or not done, by Defendants were in good faith, pursuant to their duties as a school district in the State of New York.

**AS AND FOR A FOURTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, THE DEFENDANTS ALLEGE:**

8. Any and all acts or omissions by Defendants were justified and in accordance with law, regulation, and policy.

**AS AND FOR A FIFTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, THE DEFENDANTS ALLEGE:**

9. The conduct of the individual Defendants, as alleged in the Complaint, was privileged and immune.

**AS AND FOR A SIXTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, THE DEFENDANTS ALLEGE:**

10. Plaintiffs have failed to plead a violation of a municipal policy, custom, or practice or action of its policymaker(s) resulting in a constitutional violation.

**AS AND FOR A SEVENTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, THE DEFENDANTS ALLEGE:**

11. Plaintiffs have failed to state a cause of action upon which relief may be granted.

**AS AND FOR AN EIGHT COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, THE DEFENDANTS ALLEGE:**

12. At all relevant times, all acts of the Defendants were justified and in accordance with their lawful responsibilities.

**AS AND FOR A NINTH COMPLETE AND/OR PARTIAL AFFIRMATIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, THE DEFENDANTS ALLEGE:**

13. To the extent Plaintiffs have failed to mitigate their damages, their claims for damages are diminished or barred.

**AS AND FOR A TENTH COMPLETE AND/OR PARTIAL AFFIRMITIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, THE DEFENDANTS ALLEGE:**

14. The claims set forth in the Complaint are barred by the doctrine of collateral estoppel, based on the facts.

**AS AND FOR AN ELEVENTH COMPLETE AND/OR PARTIAL AFFIRMITIVE DEFENSE TO THE CAUSES OF ACTION ASSERTED IN THE COMPLAINT, THE DEFENDANTS ALLEGE:**

15. The claims set forth in the Complaint are barred as a result of Plaintiffs' failure to exhaust their administrative remedies.

**WHEREFORE**, the Defendants demand judgment dismissing the complaint herein, together with costs, disbursements, attorney's fees and for such other and further relief as to the court may seem just and proper.

Dated: May 1, 2023                                         Respectfully submitted,
    East Syracuse, New York

**THE LAW FIRM OF FRANK W. MILLER**

/s/ Giancarlo Facciponte
**Giancarlo Facciponte, Esq.**
**Bar Roll No.: 520126**
Office and Post Office Address
6575 Kirkville Road
East Syracuse, New York 13057
Telephone: (315) 234-9900
Facsimile: (315) 234-9908

5