UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EDWARD POTRZEBA III, KAYLEIGH ROOD, and
MARTIN FURNER,

                                      Plaintiffs,                      3:23-cv-191 (BKS/ML)

v.

SHERBURNE-EARLVILLE HIGH SCHOOL through the
Sherburne-Earlville Central School District Board of
Education,

                                      Defendant.
_____

**Appearances:**

*For Plaintiffs:*
Keith Altman
The Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334

*For Defendant:*
Frank W. Miller
Giancarlo Facciponte
Hancock Estabrook, LLP
1800 AXA Tower I
100 Madison Street
Syracuse, New York 13202

**Hon. Brenda K. Sannes, Chief United States District Judge:**

                              **MEMORANDUM-DECISION AND ORDER**

**I.      INTRODUCTION**

      Plaintiffs Edward Potrzeba III, Kayleigh Rood, and Martin Furner initiated this action by filing a complaint asserting claims under 42 U.S.C. § 1983 and New York State law against Defendant Sherburne-Earlville High School and several of its employees for (1) retaliation in violation of Plaintiffs' First Amendment rights; (2) violation of due process under the Fourteenth

Amendment; and (3) negligent infliction of emotional distress. (Dkt. No. 1.)[1] Defendant and the school employees answered the complaint, (Dkt. No. 9), and moved to dismiss pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, (Dkt. No. 22). The Court granted the motion in part—including dismissal of Plaintiffs' *Monell* claim against Defendant Sherburne-Earlville High School—and denied the motion in part, allowing some of Plaintiffs' claims to survive. *See Potrzeba v. Sherburne-Earlville High Sch.*, No. 23-cv-191, 2023 WL 8827178, at *4–6, *14, 2023 U.S. Dist. LEXIS 227159, at *11–16, *35–36 (N.D.N.Y. Dec. 21, 2023). The Court also granted Plaintiffs leave to amend the complaint. *Id.*, 2023 WL 8827178, at *14, 2023 U.S. Dist. LEXIS 227159, at *36.

On January 22, 2024, Plaintiffs filed an amended complaint with a single claim alleging retaliation in violation of their First Amendment rights against Defendant Sherburne-Earlville High School through the Sherburne-Earlville Central School District Board of Education. (Dkt. No. 22.) Presently before the Court is Defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 25.) The motion is fully briefed. (Dkt. Nos. 26, 27.) For the reasons that follow, the Court grants Defendant's motion.

## II.  FACTS[2]

Defendant Sherburne-Earlville High School is a public high school located in Sherburne, New York, operated by the Sherburne-Earlville Central School District Board of Education. (Dkt. No. 22, ¶ 8.) Plaintiffs were students at Sherburne-Earlville High School at all times relevant to this action. (*Id.* ¶¶ 5–7, 9.)

---

[1] The original complaint included an additional plaintiff. (*Id.* at 1)

[2] These facts are drawn from the amended complaint. (Dkt. No. 22.) The Court assumes the truth of, and draws reasonable inferences from, the well-pleaded factual allegations, *see Lynch v. City of New York*, 952 F.3d 67, 74–75 (2d Cir. 2020), but does not accept as true the legal conclusions, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

During the morning of Friday, November 19, 2021, "Plaintiffs intended to meet with the Principal and Superintendent regarding issues within Sherburne-Earlville High School." (*Id.* ¶ 10.) The "Principal and Superintendent canceled the meeting," "kicked Plaintiffs out of the main office," and "denied rescheduling the meeting." (*Id.* ¶ 11.) "As a result of the mistreatment, at approximately 11:45 a.m., Plaintiffs participated in a peaceful protest," which involved about thirty students conducting "a quiet 'walkout' which did not interfere with the school's operation." (*Id.* ¶¶ 12–14.) "The Code of Conduct of the Sherburne-Earlville Central School District sets out that 'leaving school grounds during regular school hours' is not a violation of the school's rules if done with the permission of a parent."(*Id.* ¶ 23.) Plaintiffs' parents gave Plaintiffs consent, "within the policies and procedures of Sherburne-Earlville High School," to participate in the protest. (*Id.* ¶¶ 15–16.) "Plaintiffs did not cut class, disrupt the school environment, []or leave the school grounds without permission." (*Id.* ¶ 24.)

On Monday, November 22, 2021, "Plaintiffs were called into the main office by Ms. Tredway, the high school secretary, via loudspeaker with other students who had participated in the protest." (*Id.* ¶ 17.) In the main office, "Plaintiffs were informed that they would receive a day of In-School Suspension ('ISS') for 'what happened last week', referencing the walkout." (*Id.* ¶ 18.) "Plaintiffs, along with a handful of other students, were the only ones punished for their participation in the protest." (*Id.* ¶ 25.) "Plaintiffs were expected to immediately report for ISS" and were "threatened with additional ISS for every day that they did not attend ISS." (*Id.* ¶¶ 21, 26.)

On November 26, 2021, "a notice was provided stating that Plaintiffs cut class, disrupted the school environment, and left school grounds without permission." (*Id.* ¶ 22.)

### III. STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Although a complaint need not contain detailed factual allegations, it may not rest on mere labels, conclusions, or a formulaic recitation of the elements of the cause of action, and the factual allegations 'must be enough to raise a right to relief above the speculative level.'" *Lawtone-Bowles v. City of New York*, No. 16-cv-4240, 2017 WL 4250513, at *2, 2017 U.S. Dist. LEXIS 155140, at *5 (S.D.N.Y. Sept. 22, 2017) (quoting *Twombly*, 550 U.S. at 555). A court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

### IV. ANALYSIS

As in the prior motion to dismiss in this action, Defendant argues that Plaintiffs have failed to plausibly state a claim for municipal liability under *Monell*. (Dkt. No. 25-1, at 6–9.) Specifically, Defendant argues that the amended complaint identifies no formal policy of Defendant, decision of its policymakers, or pattern of conduct that resulted in a constitutional violation. (*Id.* at 7; Dkt. No. 27, at 6–7.) Plaintiffs argue that "Defendant's policies, procedures[,] [and] practices violate students' constitutional rights" and that "Defendant[][,] through their policies and procedures[,] issued the Plaintiffs unjust discipline for exercising their First Amendment rights." (Dkt. No. 26, at 6–7.) Plaintiffs also argue that "Defendant may be found liable for the Sherburne-Earlville High School principal [sic] and administrator issuing

4

disciplinary action to Plaintiffs and other individuals for exercising their constitutional freedoms" because "Defendant is responsible for the policy, procedures and customs of its high school as well as the implementation of said policies and customs that resulted in Plaintiffs['] rights being infringed on." (*Id.* at 7.)

As in their original complaint, Plaintiffs do not explicitly assert a *Monell* claim for municipal liability in the amended complaint. (Dkt. No. 22.)[3] But local government bodies, including public schools, are considered "municipalities" for the purposes of § 1983, *see Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 128 (2d Cir. 2004) (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735–36 (1989)), and "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 691 (1978). Thus, § 1983 claims against Defendant Sherburne-Earlville High School may only arise under *Monell*.[4]

"To establish liability under *Monell*, a plaintiff must show that he suffered the denial of a constitutional right that was caused by an official municipal policy or custom." *Bellamy v. City of New York*, 914 F.3d 727, 756 (2d Cir. 2019). That is, a plaintiff must show "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Outlaw v. City of Hartford*, 884 F.3d 351, 373 (2d Cir. 2018) (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). A municipal policy or custom may be established where the facts show: (1) a formal policy, officially promulgated by the municipality, *see Monell*, 436 U.S. at 694; (2) action taken by the official responsible for establishing policy with respect to a particular issue, *see*

---

[3] In fact, Plaintiffs no longer cite § 1983 as the basis for their First Amendment retaliation claim in the amended complaint but clarify in their opposition to Defendant's motion to dismiss that their claim is premised on § 1983, (Dkt. No. 26, at 5).

[4] Plaintiffs appear not to dispute this conclusion, as demonstrated by their recitation of the *Monell* standard in their opposition to Defendant's motion to dismiss, (Dkt. No. 26, at 5).

5

*Pembaur v. Cincinnati,* 475 U.S. 469, 483–84 (1986); (3) unlawful practices by subordinate officials so permanent and well settled as to practically have the force of law, *see City of St. Louis v. Praprotnik*, 485 U.S. 112, 127–30 (1985); or (4) a failure to train or supervise that amounts to "deliberate indifference" to the rights of those with whom the municipality's employees interact, *see Harris*, 489 U.S. at 388; *see also Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007). Except in rare instances, a "custom or policy cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee of the municipality." *Newton v. City of New York*, 566 F. Supp. 2d 256, 271 (S.D.N.Y. 2008); *see also Brogdon v. City of New Rochelle*, 200 F. Supp. 2d 411, 427 (S.D.N.Y. 2002) ("A single incident by itself is generally insufficient to establish the affirmative link between the municipal policy or custom and the alleged unconstitutional violation.").

Plaintiffs provide no additional allegations in their amended complaint as compared to their original complaint in support of their *Monell* claim. As before, Plaintiffs allege that the imposition of their in-school suspensions was *not* in accordance with Defendant's formal policy that "'leaving school grounds during regular school hours' is not a violation of the school's rules if done with the permission of a parent." (Dkt. No. 22. ¶¶ 15–16, 23–24.) Plaintiffs point to no other formal policy of Defendant. Thus, Plaintiffs again fail to allege any "direct causal link," *see Outlaw*, 884 F.3d at 373, between a policy of Defendant and Plaintiffs' alleged constitutional deprivations.

Nor have Plaintiffs alleged that any individual employee of Defendant, such as "the Principal [or] Superintendent," was an official responsible for establishing policy with respect to a particular issue, *see Pembaur,* 475 U.S. at 483, or that there existed an unlawful practice of any individual employee so permanent and well settled as to practically have the force of law, *see*

6

*Praprotnik*, 485 U.S. at 127; *see also Roe v. City of Waterbury*, 542 F.3d 31, 36–37 (2d Cir. 2008). In fact, Plaintiffs do not even allege who imposed their in-school suspensions or who "threatened [Plaintiffs] with additional ISS for every day that they did not attend ISS." (Dkt. No. 22, ¶¶ 18–19, 26, 32.) Nor do Plaintiffs allege any failure to train or supervise that amounts to deliberate indifference to the rights of those with whom the municipality's employees interact, *see Harris*, 489 U.S. at 388. Instead, Plaintiffs rely on a single instance of allegedly unconstitutional conduct by unidentified individuals—that is, their suspension following the "walkout"—in arguing that "Defendants through their policies and procedures issued the Plaintiffs unjust discipline for exercising their First Amendment rights." (Dkt. No. 26, at 6–7.) But a single instance is insufficient to establish a claim under *Monell*, *see Newton*, 566 F. Supp. 2d at 271, absent policymaking power of the responsible official, *see Roe v. City of Waterbury*, 542 F.3d at 37. Plaintiffs have therefore failed to plausibly allege their § 1983 claim against Defendant Sherburne-Earlville High School. Accordingly, Defendant's motion to dismiss is granted.[5]

## V.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendant's motion to dismiss, (Dkt. No. 25), is **GRANTED**; and it is further

**ORDERED** that the amended complaint is **DISMISSED**.

**IT IS SO ORDERED.**

Dated: May 31, 2024
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

---

[5] Because Plaintiffs have not plausibly alleged a basis on which to assert *Monell* liability against Defendant, the Court need not consider the substance of Plaintiffs' First Amendment retaliation claim.